UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-cr-20608-KMM

UNITED STATES OF AMERICA

v.

AMAURY RODRIGUEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

**THIS CAUSE** is before the Court upon a Superseding Petition for Offender Under Supervision, filed against Defendant Amaury Rodriguez. (ECF No. 192). The Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, referred this matter to the undersigned Magistrate Judge for all necessary and proper action with respect to any and all violations of supervised release. (ECF No. 199). An evidentiary hearing was held on November 6, 2023. For the reasons set forth below, the undersigned **RECOMMENDS** that the Superseding Petition be **GRANTED, in part**, and the Court find probable cause to believe that the Defendant committed the violations alleged in the Superseding Petition, as more fully explained below.

### I.    BACKGROUND

Defendant was originally sentenced to a term of imprisonment of 72 months, followed by a term of supervised release of 84 months. (ECF Nos. 29, 36). Defendant began his term of supervised release on May 17, 2016. Since then, his supervised release has been revoked or modified for noncompliance repeatedly, the first time within a month of beginning his term of supervised release (ECF No. 37); *see also* (ECF No. 125). In conjunction with those revocation

1

proceedings, Defendant has additionally undergone competency evaluation and restoration proceedings.

In January 2023, the Court sentenced Defendant to a term of time served and a five-year term of supervised release, which Defendant started serving on January 26, 2023. (ECF No. 192). The present Superseding Petition for Offender Under Supervision was filed on June 20, 2023, and charges ten violations pertaining to failing to refrain from violation of the law; failing to notify the probation office of any change in residence; leaving the judicial district without first securing permission of the probation officer; failing to participate in an approved mental health treatment program; failing to participate in a sex offender treatment program; possessing or using a computer that contains an internal, external, or wireless modem; and failing to abide by the requirements of the Sex Offender Registration and Notification Act, 42 USC § 1690, *et seq.* (ECF No. 192). On July 7, 2023, Defendant appeared for an initial appearance regarding the revocation of supervised release, (ECF No. 194), and was ordered detained, (ECF No. 197).

The Court set the matter for an Evidentiary Hearing, which occurred on November 6, 2023. (ECF Nos. 202, 204). At the Hearing, the Government presented the testimony of one live witness, United States Probation Officer Raymond Gravie, and admitted exhibits in support of the alleged violations.

## II. THE PENDING PETITION FOR REVOCATION

The Superseding Petition was filed on June 20, 2023 (ECF No. 192) and charges Defendant with ten violations:

1. Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about May 4, 2023, in Miami-Dade County, Florida, the defendant did commit the offense of Violation of Sex Offender Registration, contrary to Florida Statute 943.0435.

2. Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about June 13, 2023, in Washington County, Arkansas, the defendant did commit the offense of Failure to Register, in violation of Arkansas Code Ann. § 12-12-904.

3. Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about June 8, 2023, the defendant did commit the offense of Failure to Register, in violation of 18 U.S.C. §2250.

4. Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about June 15, 2023, in Fayetteville, Arkansas, the defendant did commit the offense of Obstructing Governmental Operations, in violation of Arkansas Code Ann. § 5-54-102.

5. Violation of Standard Condition, by failing to notify the probation office of any change in residence. On or about May 5, 2023, the defendant moved from his approved residence of 16050 Southwest 173rd Avenue, Miami, Florida 33187, and his whereabouts is unknown.

6. Violation of Standard Condition, by leaving the judicial district without first securing permission of the probation officer. On or about June 15, 2023, the defendant traveled to Arkansas, without securing the permission of the probation officer or the court, as evidenced by his arrest by the Springdale, Arkansas for Failure to Register, in violation of Arkansas Code Ann. § 12-12-904.

7. Violation of Special Condition, by failing to participate in an approved mental health treatment program. Since on or about May 5, 2023, the defendant has failed to attend his scheduled appointments with Community Health of South Florida, Inc., and to date, has not satisfactorily participated in treatment as directed by the Court and monitored by the U.S. Probation Officer.

8. Violation of Special Condition, by failing to participate in a sex offender treatment program to include psychological testing and polygraph examination. On or about May 8, 2023, the defendant failed to participate in a sex offender treatment program Anaga as evidenced by communication from the treatment provider.

9. Violation of Special Condition, by possessing or using a computer that contains an internal, external, or wireless modem. On or about June 6 and June 7 of 2023, the defendant sent electronic correspondence via the use of a device that contained an internal, external, or wireless modem without prior approval from the Court.

10. Violation of Special Condition, by failing to abide by the requirements of the Sex Offender Registration and Notification Act (42 USC §1690, et. seq.). On or about May 5, 2023, the defendant moved from his approved residence and on or about June 15, 2023, was arrested in the State of Arkansas without reporting any intended departure or termination of residence in Miami-Dade County, Florida.

(*Id.* at 3–5).

### III.   THE EVIDENTIARY HEARING

At the evidentiary hearing, the Court heard testimony from U.S. Probation Officer Gravie who testified that he has been a United States Probation Officer for eight years and has supervised

hundreds of persons. He is assigned supervisees with mental health issues, drug addicts, and sex offenders. He began supervising Defendant Rodriguez in 2021. At that time, Officer Gravie reviewed with Rodriguez the terms and conditions of his supervision. Officer Gravie noted that Rodriguez was already familiar with those conditions, as he had been under the supervision of other officers.

On May 4, 2023, Officer Gravie attempted to visit Rodriguez at his home. He did not find Rodriguez's car at the residence. He made phone calls to ascertain Rodriguez's whereabouts; he called and texted Rodriguez, to no avail. He left a note at the house asking Rodriguez to call him the next day. Officer Gravie spoke to family members, including Rodriguez's mother. Because he was unable to find him, Officer Gravie called other vendors in the community treating Rodriguez and eventually went to Community Health Institute ("CHI"), a treatment program where Rodriguez was scheduled for treatment. Officer Gravie did not find Rodriguez at CHI.

Officer Gravie spoke to Defendant's parents several times over the next few days. Officer Gravie testified that Defendant's father reported to him that he had found Defendant's phone in the recycling bin.[1] Officer Gravie also testified that he was contacted by a representative of Anaga, the sex offender treatment center, who notified Officer Gravie that Defendant had failed to attend his weekly treatment. Attendance is a condition of Rodriguez's supervised release.

Defendant did not return to his registered addressed. Officer Gravie testified that, at some point, he received an alert from NCIC that someone was looking up his supervisee, Defendant Rodriguez. Officer Gravie contacted a police chief in Arkansas, who explained that he had an individual in his custody that had used an alias at the time of arrest but who had since been identified as Defendant Rodriguez.

---

[1] Defendant objected to the admission of hearsay testimony at the hearing.

4

While incarcerated in Arkansas, Rodriguez called his mother, and the recorded call was introduced into evidence at the hearing. Officer Gravie testified that he recognized Rodriguez as one of the speakers on the call and is familiar with his voice from years of supervising him. In the call, Rodriguez asks, "How are you, my mother?" and she responds "Amaury." He informs her that he is now in Arkansas; that he didn't want to be home or on probation so he left. Rodriguez encourages his mother to read his social media posts in the name "Roy Ramirez." Rodriguez's mother notes that he is "in so much trouble," but Rodriguez insists that he is fine, and that he had been preaching online.

Indeed, the government introduced two emails sent to a Rabbi in Arkansas by "roay.ramirez@gmail.com" on June 6 and 7, 2023 that, while largely unintelligible, purport to quote bible scripture and are largely religious in content. One of the emails states unequivocally that the author is the Defendant: "Before I continue I want to tell you my real name it is Amaury Rodriguez." (Ex. 2 at 2). It is a condition of his supervised release that Defendant is prohibited from using a device that contains a modem without prior approval of the Court.

No witnesses were presented by Defendant.

IV.   **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In probation revocation hearings, a court must only find that a defendant violated a condition of supervised release by a preponderance of the evidence, rather than beyond a reasonable doubt. 18 U.S.C. § 3583(e)(3); *see also Johnson v. United States*, 529 U.S. 694, 700 (2000) (noting that, even though such violations can lead to imprisonment, the violation need not be criminal). The Federal Rules of Evidence do not apply in supervised release revocation proceedings. *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994). Similarly, the Sixth Amendment, which applies only to criminal prosecutions, does not apply to revocation hearings.

*United States v. Reese*, 775 F.3d 1327, 1329 (11th Cir. 2015) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) ("We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations.")). Yet Rule 32.1 of the Federal Rules of Criminal Procedure requires that certain minimum due process protections be afforded to the supervisee, including the right to confront and cross-examine adverse witnesses. *Frazier*, 26 F.3d at 114.

Violations Number 1, 2, and 3 allege violations of the law in failing to register as a sexual offender as required, in violation of Florida Statutes § 943.0435, Arkansas Code Ann. § 12-12-904, and 18 U.S.C. § 2250.[2] Florida law requires that a sex offender report, within 48 hours, of his intent to move from his residence; failure to do so is a second degree felony. Moreover, it is a requirement of his supervised release, which he acknowledged, as evidenced by signing the Florida Department of Law Enforcement Sexual Predator/Offender Registration Forms, (Government's composite Ex. 6). Rodriguez left his home in Florida, where he was being supervised by Officer Gravie, and failed to register the change in residence or intent to vacate. Similarly, Arkansas state law requires a sex offender to register with the state, *see* Ark. Code. Ann. § 12-12-904; Defendant Rodriguez was arrested, and found, in Arkansas, but did not register in accordance with that state's law.

Defendant challenges the sufficiency of the evidence presented in support of these violations on Confrontation Clause grounds. The failure to register was evidenced by affidavits executed by records custodians with the Florida Department of Law Enforcement and with the Arkansas State Sex Offender Registry. (Exs. 4, 5). Defendant objected to introduction of the affidavits without the appearance of the records custodians at the hearing to testify about the degree

---

[2] For the elements of this offense, the Government relied upon the Court's Instructions to the Jury in *United States v. McGee*, Case No. 22-CR-20543 (S.D. Fla.), ECF No. 47.

of diligence exercised in searching for proof of his registration in either jurisdiction. The Government proffered that flying the record custodians from around the state and country to attend the hearing, for the limited purpose of describing the search procedures used to determine that no such registration was in the respective system, would be costly and unduly cumbersome. Moreover, Government counsel avers that the affidavits would be admissible under Federal Rule of Evidence 803(7).

In weighing whether to admit hearsay testimony in a supervised release revocation proceeding, courts must "balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Frazier*, 26 F.3d at 114 (citing *United States v. Penn*, 721 F.2d 762, 764 (11th Cir. 1983)). Defendant argues here that he has been denied the right to confront the affiants who attested that their respective due diligence searches revealed no record of him registering as required, either of his intent to reside in the state of Arkansas (Violation No. 2) or intent to move from his Florida residence (Violation No. 1). In balancing Defendant's right to challenge the degree of diligence in searching available records against the burden and expense of presenting the witnesses to further describe their searches, I find the interests of justice do not require appearance by these affiants. The affidavits describe with adequate specificity the searches undertaken by each affiant, such that the proffered value of Defendant's cross-examination would not meaningfully contribute to or undermine the evidentiary value of the affidavits. Each of the affiants describe their use of a database to search electronic data, as well as conducting a manual search of records. Defendant's desire to further explore how the searches were conducted lacked any proffer that the searches undertaken were in some way inadequate. I have accordingly admitted and considered this hearsay testimony, over Defendant's objection.

Defendant further contests the evidence that he *intended* to reside in Arkansas, which he avers must be proven to find a violation of either state's registration statute. I find the statements he made to his mother in the recorded phone call demonstrate that he intended to leave his residence in Florida and he intended to stay in Arkansas ("I'm here in Arkansas now . . . . Here because I left; I didn't want to be home, and because I didn't want probation."). I find, by a preponderance of the evidence, that Defendant committed Violations Nos. 1, 2, and 3 as alleged in the superseding petition.

Violation Number 4 alleges a violation of Arkansas Code Ann. § 5-54-102, which provides that a person commits the offense of obstructing governmental operations if the person: "(1) Knowingly obstructs, impairs, or hinders the performance of any governmental function; (2) Knowingly refuses to provide information requested by an employee of a governmental agency relating to the investigation of a case brought under Title IV-D of the Social Security Act, 42 U.S.C. 651 et seq., and is the physical custodian of the child in the case; (3) Fails to submit to court-ordered scientific testing by a noninvasive procedure to determine the paternity of a child in a case brought under Title IV-D of the Social Security Act, 42 U.S.C. 651 et seq.; or (4) Falsely identifies himself or herself to a law enforcement officer or a code enforcement officer." The evidence that Defendant committed this offense was limited to Officer Gravie's testimony that he learned from a police report that Rodriguez was arrested in Arkansas for providing an alias. The government urges the admissibility of the hearsay testimony through the probation officer, relying on *United States v. Hathaway*, No. 08-80077-CR, 2011 WL 5320985, at *3 (S.D. Fla. Oct. 18, 2011) (M.J. Hopkins), *report and recommendation adopted*, No. 08-80077-CR, 2011 WL 5295318 (S.D. Fla. Nov. 3, 2011). Assuming without finding that the balance here would favor the admissibility of Officer Gravie's testimony, I nonetheless find it does not establish by a

preponderance that Defendant in fact committed the alleged violation, only that it was the basis of his arrest. There were no other facts or evidence advanced that would be sufficient for me to find that the violation in fact occurred, or to meaningfully conduct the balancing test required under *Frazier*. I do not recommend that the Court find Defendant committed Violation No. 4 as alleged in the superseding petition.

Violation Number 5 alleges that Defendant violated a standard condition of his supervised release by failing to notify the United States Probation Office of a change in residence on May 5, 2023. Violation Number 6 alleges that Defendant violated a standard condition of his supervised release by leaving the judicial district without first securing permission from his probation officer on June 15, 2023 in traveling to Arkansas. These violations are proven, by a preponderance standard, by Officer Gravie's unimpeached testimony that Defendant did not seek his permission to leave his residence or the District and the evidence that he was found in Arkansas.

Violation Number 7 alleges that Defendant violated a special condition of his supervised release by failing to participate in an approved mental health treatment program since May 5, 2023. Violation Number 8 alleges that Defendant violated a special condition of his supervised release by failing to participate in a sex offender treatment program to include psychological testing and polygraph examination on May 8, 2023. Defendant objects to the hearsay evidence predicating both violations, which includes the statements of witnesses, who told Officer Gravie that Defendant failed to appear for his treatment programs at CHI and were not presented at the hearing. More specifically, Officer Gravie described the steps he took to find Defendant after he failed to find him at a home check: Officer Gravie contacted the treatment providers with whom Defendant had regular scheduled treatment and inquired if Defendant had appeared as scheduled. He described his efforts to located Defendant as unsuccessful, despite these contacts. Though he also

testified that he received an email communication from one such provider following Defendant's failure to attend scheduled treatment, Officer Gravie's testimony focused on his own conduct as opposed to reliance on the hearsay of others. On balance, I have considered this testimony over Defendant's objection to the Government's failure to present these witnesses and find that justice did not require their appearance to establish, as Officer Gravie continued to search for Defendant, that he failed to participate as required in the mental health and sex offender treatment programs on May 5 and May 8, 2023.

Violation Number 9 alleges that Defendant violated a special condition of his supervised release by possessing or using a computer that contains an internal, external, or wireless modem on June 6 and 7, 2023. Though Defendant argued that the emails sent in his alias (but in which he identifies his true name) do not prove that he used the computer—arguing that someone could have sent them on his behalf—I accept Officer Gravie's testimony that he is familiar with Defendant's history of becoming religious when he is experiencing mental decomposition, and the Officer's identification of Defendant as the likely author of the emails sent in June. I recommend that the Court find, by a preponderance of the evidence, that Defendant committed Violation No. 9 as alleged.

Finally, Violation No. 10 alleges that Defendant violated a special condition of his supervised release by failing to abide by the requirements of the Sex Offender Registration and Notification Act by not reporting any intended departure or termination of residence in Miami-Dade County, Florida on May 5, 2023 and June 15, 2023. Defendant argues that this violation, based on Defendant's failure to comply with the registration requirements imposed by federal law, could not be proven because the asserted law no longer existed. Violation No. 10 does not allege a failure to refrain from violating the law, but rather, violation of a special condition of release,

memorialized in Comp. Ex. 6, which are the Florida Department of Law Enforcement Sexual Predator/Offender Registration Forms, signed by Defendant as recently as February of 2020. Based on the same evidence on which I have found, by a preponderance, that Defendant's departure from his Florida residence without registering his intent to depart, and his relocation to Arkansas without registering there proved Violations No. 1-3 above, I recommend that the Court find Defendant committed Violation No. 10 as alleged.

V.  **RECOMMENDATIONS**

Based on the foregoing, the undersigned **RECOMMENDS** that the Court find that Defendant committed the alleged Violations Nos. 1–3 and 5–10. The undersigned further **RECOMMENDS** that the Court set a final revocation hearing to decide whether Defendant's term of supervised release should be revoked.

The parties will have **FOURTEEN (14) DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 29th day of March, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore
      Counsel of record