UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-cr-20608-KMM

UNITED STATES OF AMERICA,

v.

AMAURY RODRIGUEZ,

    Defendant.
_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon a Superseding Petition for Offender Under Supervision filed against Defendant Amaury Rodriguez. ("Pet.") (ECF No. 192). The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge, to take all necessary and proper action with respect to any and all violations of supervised release. (ECF No. 199). On March 29, 2024, Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 214), recommending that the Superseding Petition be GRANTED IN PART, and that the Court find probable cause to believe that Defendant committed Violation Nos. 1–3 and 5–10 alleged in the Superseding Petition. Defendant objected to the R&R. ("Objs.") (ECF No. 218). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

**I.    BACKGROUND**

Defendant was originally sentenced to a term of imprisonment of 72 months, followed by a term of supervised release of 84 months. R&R at 1; (ECF Nos. 29, 36). Defendant began his term of supervised release on May 17, 2016. R&R at 1. Since then, his supervised release has been revoked or modified for noncompliance repeatedly, the first time within a month of beginning his term of supervised release. *See* R&R at 1–2; (ECF Nos. 37, 125). Defendant has also

undergone competency evaluation and restoration proceedings. R&R at 1–2. In January 2023, the Court sentenced Defendant to a term of time served and a five-year term of supervised release, which Defendant started serving on January 26, 2023. *Id.* at 2; (ECF No. 192).

On June 20, 2023, the United States Probation Office filed the instant Superseding Petition for Offender Under Supervision alleging the following ten violations:

1. Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about May 4, 2023, in Miami-Dade County, Florida, the defendant did commit the offense of Violation of Sex Offender Registration, contrary to Florida Statute 943.0435.

2. Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about June 13, 2023, in Washington County, Arkansas, the defendant did commit the offense of Failure to Register, in violation of Arkansas Code Ann. § 12-12-904.

3. Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about June 8, 2023, the defendant did commit the offense of Failure to Register, in violation of 18 U.S.C. §2250.

4. Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about June 15, 2023, in Fayetteville, Arkansas, the defendant did commit the offense of Obstructing Governmental Operations, in violation of Arkansas Code Ann. § 5-54-102.

5. Violation of Standard Condition, by failing to notify the probation office of any change in residence. On or about May 5, 2023, the defendant moved from his approved residence of 16050 Southwest 173rd Avenue, Miami, Florida 33187, and his whereabouts is unknown.

6. Violation of Standard Condition, by leaving the judicial district without first securing permission of the probation officer. On or about June 15, 2023, the defendant traveled to Arkansas, without securing the permission of the probation officer or the court, as evidenced by his arrest by the Springdale, Arkansas for Failure to Register, in violation of Arkansas Code Ann. § 12-12-904.

7. Violation of Special Condition, by failing to participate in an approved mental health treatment program. Since on or about May 5, 2023, the defendant has failed to attend his scheduled appointments with Community Health of South Florida, Inc., and to date, has not satisfactorily participated in treatment as directed by the Court and monitored by the U.S. Probation Officer.

8.  Violation of Special Condition, by failing to participate in a sex offender treatment program to include psychological testing and polygraph examination. On or about May 8, 2023, the defendant failed to participate in a sex offender treatment program Anaga as evidenced by communication from the treatment provider.

9.  Violation of Special Condition, by possessing or using a computer that contains an internal, external, or wireless modem. On or about June 6 and June 7 of 2023, the defendant sent electronic correspondence via the use of a device that contained an internal, external, or wireless modem without prior approval from the Court.

10. Violation of Special Condition, by failing to abide by the requirements of the Sex Offender Registration and Notification Act (42 USC §1690, et. seq.). On or about May 5, 2023, the defendant moved from his approved residence and on or about June 15, 2023, was arrested in the State of Arkansas without reporting any intended departure or termination of residence in Miami-Dade County, Florida.

Pet. at 3–5.

On November 6, 2023, Magistrate Judge Louis held an evidentiary hearing, where the Government presented the testimony of one live witness, United States Probation Officer Raymond Gravie, and admitted exhibits in support of the alleged violations. R&R at 2; (ECF Nos. 206, 211).

On May 4, 2023, Officer Gravie, who began supervising Defendant in 2021, attempted to visit Defendant at his home and did not find his car at the residence. *Id.* Officer Gravie then took several actions to ascertain Defendant's whereabouts, including calling and texting Defendant, leaving a note at the house asking Defendant to call him the next day, and continued contact with Defendant's parents. *Id.* Officer Gravie also called certain vendors treating Defendant and eventually went to the Community Health Institute ("CHI"), a treatment program where Defendant was scheduled for treatment, where he was also unsuccessful in finding Defendant. *Id.* Officer Gravie testified that Defendant's father reported to him that he had found Defendant's phone in the recycling bin. *Id.* Officer Gravie also testified that he was contacted by a representative of Anaga, the sex offender treatment center, who notified Officer Gravie that Defendant had failed

3

to attend his weekly treatment, a condition of Defendant's supervised release. *Id.* Officer Gravie testified that he received an alert from the National Crime Information Center that someone was looking up Defendant. *Id.* Officer Gravie contacted a police chief in Arkansas, who explained that he had an individual in his custody as of June 15, 2023 that used an alias at the time of arrest but who had since been identified as Defendant. *Id.*

While incarcerated in Arkansas, Defendant called his mother, a recording of which was introduced into evidence at the hearing. *Id.* at 5. Officer Gravie testified that he recognized Defendant as one of the speakers on the call and is familiar with his voice from years of supervising him. *Id.* In the call, Defendant asks, "How are you, my mother?" and she responds "Amaury." *Id.* He informs her that he is now in Arkansas and he did not want to be home or on probation, stating: "I'm here in Arkansas now . . . . Here because I left; I didn't want to be home, and because I didn't want probation." *Id.* Defendant notes that he had been preaching online and encourages his mother to read his social media posts in the name "Roay Ramirez." *Id.*

At the evidentiary hearing, the Government also introduced two emails sent to a rabbi located in Arkansas by "roay.ramirez@gmail.com" on June 6 and 7, 2023 that appear to quote bible scripture and are largely religious in content. *Id.* One of the emails states that the author is Defendant: "Before I continue I want to tell you my real name it is Amaury Rodriguez." *Id.* No witnesses were presented by Defendant at the evidentiary hearing.

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific

objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant de novo review. *Id.*

### III. DISCUSSION

In the R&R, Magistrate Judge Louis recommends that the Court grant the Superseding Petition in part and that the Court find probable cause to believe that Defendant committed Violation Nos. 1–3 and 5–10 alleged in the Superseding Petition. *See* R&R at 11. Defendant raises eight objections to Magistrate Judge Louis's conclusions as to Violations 1–3, 5, and 7–10. *See generally* Objs. The Court responds to each of these objections in turn.

#### A. Violations 1–3: Failing to Register as a Sexual Offender in Violation of Florida, Arkansas, and Federal Law

Magistrate Judge Louis finds, by preponderance of the evidence, that Defendant committed Violation Nos. 1–3, which allege violations of law in failing to register as a sexual offender under Florida Statute § 943.0435, Arkansas Code Ann. § 12-12904, and 18 U.S.C. § 2250. *See* R&R at 6–8. Florida law requires that a sex offender report within 48 hours of his intent to move from his residence. *See* R&R at 6; Fla. Stat. § 943.0435. This is also a requirement of Defendant's supervised release, as acknowledged by Defendant by signing the Florida Department of Law Enforcement Sexual Predator/ Offender Registration Forms. *See* R&R at 6. Arkansas state law requires a sex offender to register with the state within five days of moving to Arkansas. *See* Ark. Code. Ann. § 12-12-906. Defendant raises Objections One, Two and Three to these violations related to (a) the admissibility of certain hearsay testimony, and (b) the sufficiency of evidence related to Defendant's relocation to Arkansas.

5

      **1.**      **Hearsay Testimony**

First, Defendant challenges the admissibility of certain affidavits executed by records custodians with the Florida Department of Law Enforcement and the Arkansas State Sex Offender Registry on Confrontation Clause grounds. *See* Objs. at 3. The affidavits were brought into evidence to demonstrate that custodians could not locate any record of Defendant as a sexual offender in Florida and Arkansas's respective registries. *See* R&R at 6.

The Court begins by noting that Magistrate Judge Louis considered the relevant hearsay testimony conditionally during the hearing over Defendant's objection, which she later admitted through the R&R. *See* R&R at 7. In balancing Defendant's right to challenge the witnesses' degree of diligence in searching available records, against the burden and expense of presenting the witnesses to further describe their searches, Magistrate Judge Louis found that Defendant's "desire to further explore how the searches were conducted lacked any proffer that the searches undertaken were in some way inadequate." *Id.* The R&R provides that the affidavits describe with adequate specificity the searches undertaken by each affiant and each of the affiants describe their use of a database to search electronic data and conduct manual search of records. *See id.* Magistrate Judge Louis concluded that the interests of justice do not require appearance by these affiants and accordingly admitted the hearsay testimony. *See id.*

Defendant objects and argues that the Government's proffered reason for denying confrontation — the burden and expense of flying the record custodians to testify — is insufficient to outweigh Defendant's right to confront the custodian. *See* Objs. at 3. Defendant asserts that the Government did not provide any details regarding the cost of flying the custodians to attend the hearings, and notes that the witnesses could have appeared by zoom. *See id.* Defendant further contends that the Federal Rules of Evidence do not apply, despite the Government's argument

(noted by Magistrate Judge Louis) that the affidavits would be admissible under Federal Rule of Evidence 803(7). *See id.* at 4; R&R at 7. Moreover, Defendant avers that even if they were admissible under Federal Rule of Evidence 803(7), the affidavits do not state that the records are "regularly kept for a matter of that kind." Objs. at 4. Defendant argues that statements made by affiants affirming that they conducted diligent electronic searches of the relevant data system are "personal" statements, which warrant cross-examination. *Id.*

The Federal Rules of Evidence do not apply in supervised release revocation proceedings. *See United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994). In weighing whether to admit hearsay testimony in a supervised release revocation proceeding, courts must "balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* (citing *United States v. Penn*, 721 F.2d 762, 764 (11th Cir. 1983)). Moreover, the Sixth Amendment does not apply to revocation hearings. *See United States v. Reese*, 775 F.3d 1327, 1329 (11th Cir. 2015) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) ("We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations.")). Rule 32.1 of the Federal Rules of Criminal Procedure requires that certain minimum due process protections be afforded to the supervisee, including the right to confront and cross-examine adverse witnesses. *Frazier*, 26 F.3d at 114.

Here, the Court agrees with Magistrate Judge Louis's conclusion that Defendant's desire to further examine the affiants here lacks any insight as to how the searches were in some way inadequate. *See* R&R at 7. Defendant's objections to the admissibility of the affidavits deviate little from the arguments presented during the hearing before Magistrate Judge Louis. Each of the affiants provided descriptions of how they use their database to locate whether an individual has

7

properly registered as a sexual offender, in addition to their manual searches that they conduct. *See id.* Any additional details regarding the burden and expense of flying the record custodians from around the state and country to attend the hearing would have little impact on their limited purpose of describing the search procedures used in their respective registration data systems. *See id.* Moreover, Magistrate Judge Louis's findings in no way rely on the Government's argument that the affidavits would be admissible under Federal Rule of Evidence 803(7). *See* R&R at 5 (noting that the Federal Rules of Evidence do not apply in supervised release revocation proceedings). Accordingly, the Court overrules Defendant's objections with respect to the admissibility of the affidavits.

### 2. Defendant's Relocation to Arkansas

Second, Defendant makes several arguments that the Government did not prove by preponderance of the evidence that each element of the state and federal statutes was satisfied, specifically with respect to Defendant's intent to reside in Arkansas and the number of days Defendant was present in Arkansas at the time he was arrested. *See generally* Objs. at 1–7. The Court takes each of Defendant's objections and the relevant statutes in turn.

Under Florida Statute 943.0435, the Government must prove the Defendant's intent to establish a "permanent, temporary, or transient residence." Fla. Stat. § 943.0435. "Transient residence" is defined as where a person "lives, remains, or is located for a period of **three or more days**." *Id.* § 775.21(o) (emphasis added). Under Arkansas Code Ann. § 12-12-904, the Government must prove that a sex offender fails or refuses to provide information necessary to update their registration file under § 12-12-906. *See* Ark. Code Ann. § 12-12-904. Section 12-12-906 requires that a sex offender who moves to Arkansas registers in Arkansas "**within five days**."

*Id.* § 12-12-906 (emphasis added).[1] Under 18 U.S.C. § 2250, Defendant is required to appear in person in at least one jurisdiction where that offender resides to inform that jurisdiction of all changes in the information required, no later than **three business days** after each change of residence.[2]

In the R&R, Magistrate Judge Louis finds that there is sufficient evidence that Defendant intended to reside in Arkansas, in satisfaction of the above referenced statutes. *See* R&R at 8. In support, Magistrate Judge Louis points to statements Defendant made to his mother in a recorded phone call, which demonstrated he intended to leave his residence and Florida and stay in Arkansas: "I'm here in Arkansas now . . . . Here because I left; I didn't want to be home because I didn't want probation." *Id.* Defendant argues that these statements only evince that he was physically located in Arkansas and do not provide evidence that he intended to reside in Arkansas for the number of days required under each of the statutes. *See* Objs. at 2. Defendant further avers that Magistrate Judge Louis only mentioned that Defendant was "found and arrested in Arkansas, but did not register in accordance with that state's law" absent any reference to the number of days that Defendant was present in Arkansas as to satisfy each statute. *Id.* at 6.

In probation revocation hearings, a court must only find a defendant violated a condition of supervised release by a preponderance of the evidence, rather than beyond a reasonable doubt.

---

[1] With respect to Defendant's objections related to the Arkansas statute, Defendant indicates that the Petition and the R&R cite Arkansas Code Ann. § 12-12-904, while subchapter § 12-12-906 contains the relevant registration requirements. *See* Objs. at 5. Defendant states that § 12-12-906 is the proper subchapter that "was referenced and discussed at the hearing." *Id*. After a review of the record, § 12-12-906 was not referenced at the hearing, nor was any discussion of the requirement that Defendant be present in Arkansas for five days in order to violate the statute. *See generally* (ECF No. 211).

[2] For the elements of an offense under 18 U.S.C. § 2250, the Government relied upon the court's instructions to the jury in *United States v. McGee*, Case No. 22-CR-20543 (S.D. Fla.), ECF No. 47.

18 U.S.C. § 3583(e)(3); *see also Johnson v. United States*, 529 U.S. 694, 700 (2000) (noting that, even though such violations can lead to imprisonment, the violation need not be criminal). Here, while the R&R does not indicate the number of days Defendant was present in Arkansas, the Court finds that there is sufficient evidence in the record to conclude that Defendant intended to reside in Arkansas and was physically there for the requisite days. As noted above, the Government introduced two emails at the evidentiary hearing that were sent to a rabbi on June 6, 2023 and June 7, 2023 by "roay.ramirez@gmail.com," one of which states that the author of the emails is unquestionably Defendant: "Before I continue I want to tell you my real name it is Amaury Rodriguez." R&R at 5. The Government further established that the emails were sent to a rabbi in Elm Spring, Arkansas, which is in Washington County, the County where Defendant was arrested on or about June, 15, 2023. *See* (ECF No. 211) at 105. While Defendant was incarcerated in Arkansas, Defendant made the relevant statements to his mother, as mentioned in the R&R: "I'm here in Arkansas now . . . . Here because I left; I didn't want to be home because I didn't want probation." R&R at 8. The Government avers that based on the dates of the emails and arrest, along with the location of the rabbi and Defendant at the time of the arrest, there is, by preponderance of the evidence, proof that Defendant "was in Arkansas from June 6th through his arrest on June 15th," a sufficient period of time in the state to satisfy each of the statutes. (ECF No. 211) at 105.

The Court agrees. After a review of the record, the Court finds no basis to disturb Magistrate Judge Louis's determinations. Accordingly, the Court ADOPTS Magistrate Judge Louis's findings that Defendant committed Violation Nos. 1, 2 and 3 as alleged in the Superseding Petition.

  **B.**  **Violation 4: Obstructing government operations in violation of Arkansas Code Ann. § 5-54-102**

Magistrate Judge Louis does not recommend that the Court find that Defendant committed Violation No. 4, which alleges the offense of obstructing governmental operations in violation of Arkansas Code Ann. § 5-54-102. *See* R&R at 9. Specifically, the R&R states that the Government only provided Officer Gravie's testimony that he learned from a police report that Defendant was arrested in Arkansas for providing an alias. *Id.* at 9. Magistrate Judge Louis concludes that such testimony does not establish that Defendant committed the alleged violation, but "only that it was the basis of his arrest." *Id.* Neither Party objects to this finding. This Court agrees and accordingly ADOPTS Magistrate Judge Louis's finding that Defendant did not commit Violation No. 4.

  **C.**  **Violations 5 and 6: Notice and Permission with respect to the United States Probation Office**

Violation No. 5 alleges that Defendant violated a standard condition of his supervised release by failing to notify the United States Probation Office of a change in residence on May 5, 2023. *See* R&R at 9. Violation No. 6 alleges that Defendant violated a standard condition of his supervised release by leaving the judicial district without first securing permission from his probation officer on June 15, 2023 in traveling to Arkansas. *See id.* In the R&R., Magistrate Judge Louis finds that these violations are proven, by preponderance of the evidence, by Officer Gravie's "unimpeached testimony that Defendant did not seek his permission to leave his residence or the District and the evidence that he found in Arkansas." *Id.*

Defendant objects to the R&R's findings with respect to Violation No. 5. Defendant argues that Officer's Gravie's testimony does not establish that Defendant moved from his residence in Miami, noting that there is a distinction between traveling from one place to another, and changing one's residence. *See* Objs. at 7. Yet, even absent any direct testimony from Officer Gravie on

11

Defendant's move, Magistrate Judge Louis has already provided authority from the hearing to suggest that Defendant moved and intended to move his residence to Arkansas based on Defendant's own words: "I'm here in Arkansas now . . . . Here because I left; I didn't want to be home because I didn't want probation." R&R at 5. Accordingly, the Court ADOPTS Magistrate Judge Louis's finding that Defendant committed Violation No. 5. As to Violation No. 6, neither party objects to the R&R's findings and the Court finds no clear error with the Magistrate Judge's conclusions.

### D. Violations 7 and 8: Violations Regarding Participation in Treatment Programs

Violation No. 7 alleges that Defendant violated a special condition of his supervised release by failing to participate in an approved mental health treatment program since May 5, 2023. *See* R&R at 9. Violation No. 8 alleges that Defendant violated a special condition of his supervised release by failing to participate in a sex offender treatment program to include psychological testing and polygraph examination on May 8, 2023. *See id.* During the hearing, Defendant objected to the hearsay evidence predicating both violations, which includes the statements of witnesses who told Officer Gravie that Defendant failed to appear for his treatment programs and were not presented at the hearing. *See id.* In the R&R, Magistrate Judge Louis considered this testimony over Defendant's objection to the Government's failure to present these witnesses. *See id.* Magistrate Judge Louis found that justice did not require their appearance to establish that Defendant failed to participate in the required mental health and sex offender treatment programs, given Officer Gravie's testimony focused on his personal continued search for Defendant. *See id.*

Defendant's objections, again, deviate little from the arguments presented during the hearing before Magistrate Judge Louis. Regarding Violation No. 7, Defendant argues that Officer Gravie's testimony that he spoke with Defendant's treating physician, does not establish that

Defendant failed to attend his scheduled appointments, nor was there any testimony as to when or how often Defendant was scheduled to attend such treatment. *See* Objs. at 8. Regarding Violation 8, Defendant argues that the Government provided no reason why they could not produce Defendant's sex offender treatment provider and failed to conduct the required balancing test under *Frazier* to demonstrate good cause for not producing the provider. *See id.*

As stated above, in weighing whether to admit hearsay testimony in a supervised release revocation proceeding, courts must "balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Frazier*, 26 F.3d at 114 (citing *United States v. Penn*, 721 F.2d 762, 764 (11th Cir. 1983)). Here, Magistrate Judge Louis's review of the evidence largely relies not on the hearsay evidence, but rather the specific steps Officer Gravie took to find Defendant after he failed to find him at home check, as recounted in his testimony. *See* R&R at 9. Such testimony includes his contact with the treatment providers who had regular scheduled treatment, along with his inquiry into whether Defendant attended his treatments as scheduled. *See id.* Magistrate Judge Louis's findings relied on Officer Gravie's own conduct, rather than the hearsay testimony. This Court agrees that justice did not require their appearance and ADOPTS Magistrate Judge Louis's findings that Defendant committed Violations 7 and 8.

E.    **Violation 9: Use of a Computer with Internal, External, or Wireless Modem**

Violation No. 9 alleges that Defendant violated a special condition of his supervised release by possessing or using a computer that contains an internal, external, or wireless modem on June 6 and 7, 2023. *See* R&R at 5. In the R&R, Magistrate Judge Louis accepted Officer Gravie's testimony that he is familiar with Defendant's history of religiousness (as provided in his emails), and Officer Gravie's identification of Defendant as the likely author of the emails. *See* R&R at

13

10. Defendant objects, stating that even if he was the "likely author," it does not prove that he used or possessed a computer, nor was their evidence he had a cell phone or computer on his person. Objs. at 9.

After a review of the record, the Court agrees with Magistrate Judge Louis's findings. In addition to the testimony from Officer Gravie that Defendant was the likely author of the emails, the Government noted during the hearing that in Defendant's phone call to his mother, he indicates that he has been preaching on different social media accounts, all of which require the use of a computer. *See* (ECF No. 211) at 102. Accordingly, the Court ADOPTS Magistrate Judge Louis's findings that Defendant committed Violations 7 and 8.

### F. Violation 10: Sex Offender Registration and Notification Act Requirements

Lastly, Violation No. 10 alleges that Defendant violated a special condition of his supervised release by failing to abide by the requirements of the Sex Offender Registration and Notification Act ("SONRA") by not reporting any intended departure or termination of residence in Miami Dade County, Florida on May 5, 2023 and June 15, 2023. *See* R&R at 5. The Superseding Petition and R&R cite to 42 USC §1690, *et. seq.*, a statute, which Defendant avers at the hearing and in his objection "no longer exists." Objs. at 10. In the R&R, Magistrate Judge Louis explains that Violation No. 10 does not allege a failure to refrain from violating the law, but rather concerns a special condition of release, which is set forth in the Florida Department of Law Enforcement Sexual Predator/ Offender Registration Forms, signed by Defendant. *See* R&R at 11.

Defendant objects to this finding, and argues that the aforementioned registration form does not appear in Violation 10, nor does Magistrate Judge Louis "explain how Mr. Rodriguez violated a registration form." Objs. at 10. However, Magistrate Judge Louis provides, and this

Court agrees, that it is a condition of SORNA to report any intended departure or termination of residence in Miami-Dad, Florida. *See* R&R at 11. The registration form evidences that special condition, which Defendant signed and agreed to. *See id.* This Court also agrees with Magistrate Judge Louis's findings that Defendant's departure from his Florida residence without registering his intent to depart, together with his relocation to Arkansas, were demonstrated in satisfaction of Violations 1–3. As such, this court ADOPTS Magistrate Judge Louis's finding that Defendant committed Violation No. 10.

## IV.     CONCLUSION

Accordingly, UPON CONSIDERATION of the Superseding Petition, the R&R, the Objection, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&R (ECF No. 214) is ADOPTED. Defendant's Objections (ECF No. 218) are OVERRULED. The Court finds that Defendant committed the alleged Violations Nos. 1–3 and 5–10. A Final Revocation Hearing will be set by separate order.

DONE AND ORDERED in Chambers at Miami, Florida, this  21st   day of May 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record